UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE ARCURE, KEVIN COOK, JOSEPH FESSENDEN, LISA HUFF & KATHREN WOODSIDE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, DEBORAH MEEKER, JEFFREY BRADLEY, SCOTT GARDNER, DOUGLAS LOEHNER, DAVID CORRAL, MICHAEL FLORES, and MARK RODRIGUEZ,<br><br>Defendants. | 1:13-cv-00541 LJO-BAM<br><br>**ORDER GRANTING UNOPPOSED MOTIONS TO STRIKE AND DISMISS (DOCS. 27 & 28);**<br><br>**DISCHARGING ORDER TO SHOW CAUSE (DOC. 31); AND**<br><br>**REQUIRING THE FILING OF ANY STIPULATION TO AMEND THE PLEADINGS ON OR BEFORE AUGUST 2, 2013.** |

In this lawsuit, several individuals employed by Defendant California Department of Developmental Services ("DDS") at DDS's Porterville Developmental Center ("PDC") allege they were subjected to sexual harassment and/or were retaliated against for participating in the investigation of sexual harassment allegations. Doc. 21. This Order resolves two unopposed motions, discharges an outstanding order to show cause, and sets August 2, 2013 as the deadline for filing any stipulation regarding amendment of the pleadings.

### Unopposed Motion to Dismiss Certain FEHA Claims

Defendant DDS has moved to dismiss Plaintiffs' Sixth, Tenth, Fourteenth, Twentieth & Twenty-Seventh Causes of Action, Doc. 27-1, each of which asserts DDS violated California's Fair Employment

1

& Housing Act ("FEHA"), Cal. Gov. Code § 12900, *et seq.,* by failing to take "immediate and appropriate corrective action" once DDS was on notice of potential FEHA violations. FEHA makes it unlawful for "an employer ... because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation, to harass an employee, an applicant, or a person providing services pursuant to a contract." Cal. Gov. Code § 12940(j). That same section provides:

> Harassment of an employee, an applicant, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and <u>fails to take immediate and appropriate corrective action</u>.

Cal. Gov. Code § 12940(j) (emphasis added).

DDS is correct that the emphasized language does not establish an independent cause of action distinct from Plaintiffs' other harassment claims. Rather, it defines when an employer is to be held vicariously liable for the acts of a non-supervisory employee. Plaintiffs do not object to dismissal of these claims as redundant. Doc. 34. Accordingly, the Sixth, Tenth, Fourteenth, Twentieth & Twenty-Seventh Causes of Action are DISMISSED WITHOUT LEAVE TO AMEND.

## Unopposed Motion to Strike

DDS also moved to strike Plaintiffs' prayer for punitive damages against DDS and Plaintiffs' prayer for prejudgment interest against DDS for claims based upon FEHA. It is well established that punitive damages are not available against the State of California or its departments under California Law. Cal. Gov. Code § 818. Nor are punitive damages available against a governmental entity under the relevant federal anti-harassment statute: Title VII. 42 U.S.C. § 1981a(b)(1)("A complaining party may recover punitive damages under this section against a respondent (<u>other than a government, government agency or political subdivision</u>) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.") (emphasis added); *see also Barefield v. California State Univ. Bakersfield*, 2006 WL 829122, *7 (E.D. Cal. Mar. 28, 2006).

Likewise, prejudgment interest is not available against a public entity in an action for personal injury. Cal. Civ. Code § 3291. An action for sexual harassment under FEHA qualifies as a personal injury claim subject to § 3921. *Bihun v. AT & T Information Systems, Inc.*, 13 Cal. App. 4th 976, 1005 (1993), disapproved on other grounds in *Lakin v. Watkins Associated Industries*, 6 Cal. 4th 644, 664 (1993); *but see Holmes v. General Dynamics Corp.*, 17 Cal. App. 4th 1418, 1436–1437 (1993) (contractual wrongful termination action held not to be a "personal injury" within the meaning of Cal. Civ. Code, § 3291).

Plaintiffs do not oppose this motion. Doc. 35. Accordingly, Plaintiffs' prayer for punitive damages against DDS and Plaintiffs' prayer for prejudgment interest against DDS for claims against FEHA are STRICKEN.

### Order to Show Cause

On July 17, 2013, DDS filed the above motions, along with two others, without providing the 28-day notice required by Local Rule 230(b). On July 18, 2013, the Court issued an Order to Show Cause ("OSC") why sanctions should not be imposed upon defense counsel or Defendants for disobedience of the Local Rules. Doc. 31. On July 19, 2013, Defendants responded to the OSC, explaining that defense counsel inadvertently set the hearing date for its motions 26 days (rather than 28 days) after the motions were filed. Doc. 36. Defense counsel called and emailed the Court promptly on the morning of July 18, 2013 to correct the problem. Doc. 36-1. Apparently, the OSC issued before Chambers received defense counsel's communication. In light of this explanation, the Court declines to impose any sanctions and DISCHARGES the OSC.

### Schedule for Remaining Pending Motions

In addition to the motions resolved above, DDS filed: (1) a motion to dismiss for lack of jurisdiction the eleventh cause of action brought by Plaintiff Kevin Cook against DDS for interference and retaliation in violation of the California Whistle Blower Protection Act, Cal. Gov. Code. § 8547, *et seq.*, Doc. 29; and (2) a motion to sever, Doc. 30. The OSC ordered oppositions to be filed and served no later than August 2, 2013, with replies due no later than August 9, 2013.

1  Plaintiffs indicate they are in discussions with Defendants regarding amendment of the
2  pleadings. Any stipulation to amend the pleadings must be filed on or before the deadline to file
3  oppositions to the pending motions: August 2, 2013. Any such stipulation should clearly outline whether
4  it resolves the pending motions and/or whether those motions will be resolved on the current schedule.

**SO ORDERED**
**Dated: July 19, 2013**

                                      /s/ Lawrence J. O'Neill
                                **United States District Judge**