KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
JUDITH A. RECCHIO, State Bar No. 163060
Supervising Deputy Attorney General
AMY LINDSEY DOYLE State Bar No. 242205
Deputy Attorney General
MATTHEW T. BESMER, State Bar No. 269138
Deputy Attorney General
 2550 Mariposa Mall, Room 5090
 Fresno, CA  93721
 Telephone:  (559) 477-1680
 Fax:  (559) 445-5106
 E-mail:  Matthew.Besmer@doj.ca.gov
*Attorneys for Defendants Department of Developmental Services, David Corral and Douglas Loehner*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **YVONNE ARCURE, KEVIN COOK, & JOSEPH FESSENDEN,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, DEBORAH MEEKER, JEFFREY BRADLEY, DOUGLAS LOEHNER, DAVID CORRAL, & MICHAEL FLORES,**<br><br>Defendants. | Case No. 1:13-cv-00541-LJO-BAM<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS TO DISMISS DAVID CORRAL FROM THE THIRD AMENDED COMPLAINT ON GROUNDS THAT HIS DEBTS HAVE BEEN DISCHARGED IN BANKRUPTCY [Rule 12(c)]**<br><br>Date: April 14, 2014<br>Time: 8:30 a.m.<br>Courtroom: 4<br>Judge: The Honorable Lawrence J. O'Neill<br>Trial Date: TBA<br>Action Filed: April 16, 2013 |

### INTRODUCTION

Defendant David Corral petitioned for Chapter 7 bankruptcy on September 21, 2012. He was granted a discharge on December 20, 2012. Plaintiffs filed their complaint on April 16, 2013. Plaintiff Yvonne Arcure is suing Corral for sexual harassment that allegedly occurred

1

Memorandum in Support Motion for Judgment on the Pleadings to Dismiss
David Corral from the Third Amended Complaint (1:13-cv-00541-LJO-BAM)

before Corral petitioned for bankruptcy. Arcure, however, cannot obtain relief from Corral because his debts were discharged in bankruptcy. Therefore, Corral should be dismissed from this action and judgment entered in his favor.

## BACKGROUND

Shortly after Plaintiff Yvonne Arcure ("Arcure") was hired as a police officer at the Porterville Developmental Center, Defendant David Corral ("Corral") allegedly sexually harassed her by staring at her and making sexually explicit comments. Third Amended Complaint ("TAC") (Doc. 95), ¶ 10. She also claims Corral subjected her to disparate treatment in 2006. TAC (Doc. 95), ¶ 15. Arcure filed her discrimination charge with the Equal Employment Opportunity Commission on September 27, 2007. TAC (Doc. 95), ¶ 7.

On September 21, 2012, Corral petitioned for Chapter 7 bankruptcy. *See In Re Corral United States Bankruptcy Court for the Eastern District of California Case No. 12-18084* (Request for Judicial Notice ("RJN"), Ex. A. There were no assets to distribute. RJN, Ex. D. On December 20, 2012, the bankruptcy court issued an order discharging Corral from his debts. RJN, Ex. C. A final decree was issued and the bankruptcy case was closed on December 21, 2012. RJN, Ex. D.

In violation of the discharge order, Arcure brought this action against Corral on April 16, 2013. Doc. 1. Corral was served with the complaint on or about November 26, 2013. Doc. 54. In the fourth cause of action of the Third Amended Complaint, Arcure alleges that Corral is personally liable to her for sexually harassing her. TAC (Doc. 95), ¶¶ 33-35.

## ARGUMENT

**I.  LEGAL STANDARD FOR MOTION**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is properly granted when accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law. *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. Ariz. 2012). Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6)

2

Memorandum in Support Motion for Judgment on the Pleadings to Dismiss
David Corral from the Third Amended Complaint (1:13-cv-00541-LJO-BAM)

because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.  *Id.*  In considering a motion for judgment on the pleadings, courts may take judicial notice of facts without converting the motion to one for summary judgment.  *Lewis v. Russell*, 838 F. Supp. 2d 1063, 1067 n.3 (E.D. Cal. 2012).

Here, the pleadings are closed as to Corral because he has filed an answer to Plaintiffs' complaint.  Therefore, this motion is ripe.

### II. CORRAL SHOULD BE DISMISSED FROM THIS ACTION BECAUSE HE HAS BEEN DISCHARGED FROM DEBTS ARISING BEFORE DECEMBER 20, 2012

The defense of discharge in bankruptcy is an absolute defense.  *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777, 781-782 (B.A.P. 9th Cir. 1999).  "[A]ll judgments purporting to establish personal liability of a debtor on a discharged debt, including judgments obtained after bankruptcy, are void to that extent.  They are not voidable, they are void ab initio as a matter of federal statute."  *Id.*  "Specifically, a bankruptcy discharge 'voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived.'"  *Id.* (quoting 11 U.S.C. § 524(a)(1)).  A motion to dismiss may raise an absolute defense.  *See Armendarez v. Glendale Youth Ctr., Inc.*, 265 F. Supp. 2d 1136, 1138-1139 (D. Ariz. 2003) (*citing Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997)).

Here, Arcure cannot obtain relief from Corral because his debts were discharged pursuant to section 727 of Title 11 on December 20, 2012.  RJN, Ex. C.  Arcure's sexual harassment claim is a debt within the meaning of Chapter 7.  *See* 11 U.S.C. § 101(12) (defining *debt* to mean "liability on a claim") and § 101(5)(A) (defining *claim* to mean "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured").

Corral's bankruptcy was a no-asset Chapter 7.  RJN, Ex. C.  Because of this, Acure's claim has been discharged even though it was not listed on the bankruptcy schedules.  *White v. Nielsen (In re Nielsen)*, 383 F.3d 922, 925 (9th Cir. 2004) ( "failure to list a creditor in a no-

3

Memorandum in Support Motion for Judgment on the Pleadings to Dismiss
David Corral from the Third Amended Complaint (1:13-cv-00541-LJO-BAM)

assets, no-bar-date Chapter 7 bankruptcy" does not justify revocation of the discharge); *see also Beezley v. California Land Title Co.*, 994 F.2d 1433 (9th Cir. 1993). Indeed, even if Arcure's claim had been listed, she would have received nothing because there were no assets to distribute to creditors. *See In re Nielsen*, 383 F.3d at 926-927. Further, maintaining this action against Corral is a violation of the discharge injunction, and any judgment against Corral would be void. *See* 11 U.S.C. § 524(a).

## CONCLUSION

Based on the foregoing, this Court should dismiss Corral and enter judgment in his favor because as a matter of law, Arcure cannot obtain relief against him.

Dated:  March 11, 2014                                Respectfully Submitted,

KAMALA D. HARRIS
Attorney General of California
JUDITH A. RECCHIO
Supervising Deputy Attorney General

*/s/ Matthew T. Besmer*

MATTHEW T. BESMER
Deputy Attorney General
*Attorneys for Defendants Department of Developmental Services, David Corral and Douglas Loehner*

SA2013110942
95098954.doc

4

Memorandum in Support Motion for Judgment on the Pleadings to Dismiss
David Corral from the Third Amended Complaint (1:13-cv-00541-LJO-BAM)