**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YVONNE ARCURE, KEVIN COOK, & JOSEPH FESSENDEN,<br><br>           Plaintiffs,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, JEFFREY BRADLEY, DOUGLAS LOEHNER, DAVID CORRAL, & MICHAEL FLORES.<br><br>           Defendants. | 1:13-cv-00541-LJO-BAM<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**<br>(Doc. 98) |

## I. INTRODUCTION

Plaintiffs Yvonne Arcure, Kevin Cook, and Joseph Fessenden (collectively, "Plaintiffs") allege sex discrimination, retaliation, and whistleblower claims against defendants California Department of Developmental services ("DDS") and four of its employees, Jeffrey Bradley, Douglas Loehner, David Corral, and Michael Flores (collectively, "Defendants"). This Court previously granted with leave to amend Defendants' motion to dismiss the fourth cause of action against Corral under Rule 12(b)(6). Plaintiffs have filed a further amended complaint again alleging a cause of action against Corral. Before the Court is Defendants' motion for judgment on the pleadings as to the claims against Corral pursuant to Fed. R. Civ. P. 12(c). For the reasons discussed below, this Court GRANTS Defendants' motion for judgment on the pleadings.

## II.     BACKGROUND

DDS is a California state agency that operates five developmental service centers throughout the state of California including a center in Porterville. Plaintiffs and the individual defendants were employed by DDS as law enforcement officials at the Porterville Center.

On September 21, 2012, Corral petitioned for Chapter 7 bankruptcy. There were no assets to distribute. On December 20, 2012, the bankruptcy court issued an order discharging Corral from all his debts. A final decree was issued and the bankruptcy case closed on December 21, 2012.

Plaintiffs brought this action on April 13, 2013. In the operative complaint, Plaintiff Arcure alleges that Corral is liable for sexual harassment against her in violation of California Fair Employment & Housing Act ("FEHA"), Cal. Gov. Code § 12940(j). Plaintiffs seek declaratory relief, compensatory and punitive damages, attorney's fees and costs, and pre- and post-judgment interest against Defendants as well as injunctive relief against DDS.

Defendants filed the instant motion for judgment on the pleadings as to the claims against Corral on March 11, 2014. Plaintiffs did not file an opposition.

## III.     DISCUSSION

### A.     Legal Standard

"The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss." *United States v. In re Seizure of One Blue Nissan Skyline Auto., & One Red Nissan Skyline*, 683 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010). "A district court will render a 'judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.'" *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting *George v. Pacific–CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996); *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995)). "Judgment may only be granted when the pleadings show that it is 'beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief.'" *Id*. (quoting *B.F. Goodrich v. Betkoski*, 99 F.3d 505, 529 (2d Cir. 1996); *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). "In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff." *In re Seizure*, 683 F. Supp. 2d at 1089 (citing *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994)). "A court should grant a motion for judgment on the pleadings only when the moving party is entitled to judgment as a matter of law." *Id*. (citing *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir.1999)).

**B.     Analysis**

Defendants argue, without opposition by the Plaintiffs, that Corral is entitled to judgment on the pleadings due to his prior bankruptcy filing and discharge of debt. This Court agrees.

Under 11 U.S.C. § 524(a)(2), a discharge of debt "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor[.]" Here, Corral obtained a discharge of debt on December 20, 2012. (Doc. 100 Exh. C). The injunction was therefore in place at the time Plaintiffs filed their first complaint on April 16, 2013. *See*, *e.g*., *Gold v. Oster*, D055946, 2010 WL 4879196 (Cal. Ct. App. Dec. 1, 2010) (affirming the trial court's grant of the defendant's demurrer on the grounds that the discharge of the defendant's debts in bankruptcy precluded the plaintiff from maintaining the action) (citing 11 U.S.C. § 524(a)(2)). Moreover, Plaintiffs provide no arguments or evidence that their claim against Corral was not discharged by the December 20, 2012 decree or why their action against Corral otherwise should be maintained in light of the bankruptcy injunction.

Plaintiffs as a matter of law are precluded from maintaining this action against Corral. 11 U.S.C. § 524(a)(2). Therefore, Defendants' motion for judgment on the pleadings as to the claims against Corral is GRANTED.

**IV. CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1.     GRANTS Defendants' motion for judgment on the pleadings as to the claims against Defendant David Corral pursuant to Fed. R. Civ. P. 12(c);

2.     DISMISSES David Corral as a defendant in this action;

3

3. ORDERS the Clerk of Court to enter judgment in favor of Defendant David Corral and against Plaintiff Yvonne Arcure.

IT IS SO ORDERED.

Dated:   **April 14, 2014**                              **/s/ Lawrence J. O'Neill**
                                                         UNITED STATES DISTRICT JUDGE