KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
JUDITH A. RECCHIO, State Bar No. 163060
Supervising Deputy Attorney General
AMY LINDSEY DOYLE State Bar No. 242205
Deputy Attorney General
MATTHEW T. BESMER, State Bar No. 269138
Deputy Attorney General
 2550 Mariposa Mall, Room 5090
 Fresno, CA 93721
 Telephone: (559) 477-1680
 Fax: (559) 445-5106
 E-mail: Matthew.Besmer@doj.ca.gov
*Attorneys for Defendants Department of
Developmental Services, Douglas Loehner and
Michael Flores*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **YVONNE ARCURE, KEVIN COOK, & JOSEPH FESSENDEN,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, DEBORAH MEEKER, JEFFREY BRADLEY, DOUGLAS LOEHNER, DAVID CORRAL, & MICHAEL FLORES,**<br><br>Defendants. | 1:13-cv-00541-LJO-BAM<br><br>**STIPULATION TO PARTIALLY RESOLVE DISCOVERY DISPUTE AND ORDER** |

**STIPULATION**

Plaintiff Kevin Cook ("Cook") and Defendant California Department of Developmental Services ("DDS") have reached an agreement that partially resolves their discovery dispute for the motion to compel that was filed on September 8, 2014, (Doc. 122).

/ / /

/ / /

The terms of the stipulation are as follows:

1.      DDS withdraws without prejudice interrogatory subpart 11c.

2.      Cook will provide complete unqualified responses to all of the interrogatories listed in Exhibit A on or before October 24, 2014.

3.      The only objections that Cook will make to the interrogatories are the objections stated in Exhibit A.

4.      Cook withdraws all objections with the exception of the attorney-client and work product privileges to Request for Production No. 55, and will mail serve all responsive documents in his custody or control on or before October 24, 2014.

5.      DDS narrows requests for production of documents numbers 64-79 consistent with its letter to Cook's counsel dated October 9, 2014. The requests have been narrowed to seek e-mails Cook sent from a non-DDS e-mail account or that he received on a non-DDS e-mail account, and text messages he sent to or received from, Kathren Woodside, Lisa Huff, Gene Alvarez, and Joseph Puccio from March 1, 2007, to the present that:

(a) relate to the California Department of Developmental Services or any of its current or former employees; (b) relate to any fact or incident alleged in the Complaint (Doc. 1), the First Amended Complaint (Doc. 21), the Second Amended Complaint (Doc. 53) or the Third Amended Complaint (Doc. 95); or relate to YOUR [Cook's] health, or personal and professional reputation.

6.      Cook withdraws all objections to requests for production of documents numbers 64-79 as revised with the exception of the attorney-client and work product privileges, and will mail serve all responsive documents currently in a reproducible format that are under his custody or control on or before October 24, 2014.  For responsive documents that are not currently in a reproducible format for production, Cook will diligently work with his wireless phone provider(s) and e-mail service provider(s) to obtain responsive documents and will keep DDS apprised of his efforts.

7.      Notwithstanding the resolution concerning requests for production of documents numbers 64-79, Cook and DDS will submit to the court whether Cook is required to produce all e-mails and text messages that relate to his "emotional condition" and "enjoyment of life."   The

parties also intend to submit the outstanding dispute regarding requests for production numbers 56-64 to the Court.

8.     A party may be subject to sanctions for violating this stipulation.

**SO STIPULATED**


Dated:    October 15, 2014                         Respectfully submitted,

                                                   KAMALA D. HARRIS
                                                   Attorney General of California
                                                   JUDITH A. RECCHIO
                                                   Supervising Deputy Attorney General

                                                   *Matthew T. Besmer*

                                                   MATTHEW T. BESMER
                                                   Deputy Attorney General
                                                   *Attorneys for Defendants*
                                                   *Department of Developmental Services,*
                                                   *Douglas Loehner and Michael Flores*


Dated:   October 15, 2014                          LAW OFFICES OF LAWRENCE J. KING


                                                   *Lawrence J. King*
                                                   _____
                                                   Lawrence J. King, Attorney for
                                                   Plaintiffs

1

**LAWRENCE J. KING (BAR NO. 120805)**
**Law Offices of Lawrence J. King**
**11 Western Avenue**

2

**Petaluma, CA 94952**
**Telephone:  (707) 769-9791**
**Facsimile:  (707) 769-9253**

3

4

**Attorney for Plaintiffs**
**Arcure, Cook & Fessenden**

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

FRESNO DIVISION

11

12

**YVONNE ARCURE, KEVIN COOK, &**
**JOSEPH FESSENDEN,**

13

Plaintiffs,

14

15

v.

16

**CALIFORNIA DEPARTMENT OF**
**DEVELOPMENTAL SERVICES,**

17

**DEBORAH MEEKER, JEFFREY**
**BRADLEY, DOUGLAS LOEHNER,**

18

**DAVID CORRAL, & MICHAEL FLORES,**

19

Defendants.

20

1:13-cv-00541-LJO-BAM

**PLAINTIFF KEVIN COOK'S AMENDED**
**OBJECTIONS TO THE DEPARTMENT**
**OF DEVELOPMENTAL SERVICES'**
**INTERROGATORIES, SET ONE TO**
**PLAINTIFF KEVIN COOK**

**EXHIBIT A TO STIPULATION**

21

PROPOUNDING PARTY:   Defendant CALIFORNIA DEPARTMENT OF
                                              DEVELOPMENTAL SERVICES

22

RESPONDING PARTY:   Plaintiff KEVIN COOK

23

24

SET NO.:                         ONE

25

26

27

28

Dated: October 17, 2014                    Respectfully submitted,

                                           LAW OFFICES OF LAWRENCE J. KING


                                           By: _____
                                                Lawrence J. King
                                                For Plaintiffs Yvonne Arcure, Kevin Cook, &
                                                Joseph Fessenden

1

**INTERROGATORIES**

2

**SPECIAL INTERROGATORY NO. 1:**

3

Describe every act of retaliation for which YOU are seeking damages under the California

4

Whistleblower Protection Act, including:

5

      a.       A description of each act of retaliation;

6

      b.       The approximate month and year each act of retaliation occurred; and

7

      c.       The name of the PERSON who retaliated against YOU.

8

**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

9

There is a substantial period of time in after Plaintiff Cook filed his initial State Personnel

10

Board whistleblower complaint during which Plaintiff Cook was subjected to retaliation both for

11

exercising his rights under the California Whistle Blower Protection Act, Title VII and the

12

California Fair Employment & Housing Act. Without waiving these objections, Plaintiff responds

13

to Interrogatories No. 1 as follows:

14

15

16

**SPECIAL INTERROGATORY NO. 2:**

17

Describe every act of retaliation for which YOU are seeking damages under Title VII:

18

      a.       A description of each act of retaliation;

19

      b.       The approximate month and year each act of retaliation occurred; and

20

      c.       The name of the PERSON who retaliated against YOU.

21

**RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

22

There is a substantial period of time in after Plaintiff Cook filed his initial State Personnel

23

Board whistleblower complaint during which Plaintiff Cook was subjected to retaliation both for

24

exercising his rights under the California Whistle Blower Protection Act, Title VII and the

25

California Fair Employment & Housing Act. Without waiving these objections, Plaintiff responds

26

to Interrogatories No. 2 as follows:

27

28

**SPECIAL INTERROGATORY NO. 3:**

Describe every act of retaliation for which YOU are seeking damages under the FEHA:

a.     A description of each act of retaliation;

b.     The approximate month and year each act of retaliation occurred; and

c.     The name of the PERSON who retaliated against YOU.

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

There is a substantial period of time in after Plaintiff Cook filed his initial State Personnel Board whistleblower complaint during which Plaintiff Cook was subjected to retaliation both for exercising his rights under the California Whistle Blower Protection Act, Title VII and the California Fair Employment & Housing Act. Without waiving these objections, Plaintiff responds to Interrogatories No. 3 as follows:

**SPECIAL INTERROGATORY NO. 4:**

State all facts that support YOUR claim in paragraph 44 of the THIRD AMENDED COMPLAINT that on September 4, 2007, Commander Bradley reassigned all of the sergeants who reported to YOU in retaliation for YOUR participation in EEO investigations, including:

a.     The names of the sergeants who were reassigned;

b.     The positions the sergeants held before they were reassigned;

c.     The positions the sergeants were reassigned to; and

d.     The reasons YOU contend that the reassignments were done in retaliation for YOUR participation in EEO investigations.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

**SPECIAL INTERROGATORY NO. 5:**

State all facts that support YOUR allegation in paragraph 45 of the THIRD AMENDED COMPLAINT that "on September 15, 2007, Commander Bradley reassigned Plaintiff Cook in retaliation for his opposition to the sex discrimination and harassment to which his female subordinates were being subjected" including:

a.      The position that YOU held before YOU were reassigned;

b.      The position that YOU were reassigned to; and

c.      The reasons YOU contend that the reassignment was done in retaliation for opposing sex discrimination and harassment.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**


**SPECIAL INTERROGATORY NO. 6:**

Identify all written complaints of whistleblower retaliation filed by YOU with any government entity, specifically:

a.      State the date that you filed each complaint;

b.      Identify the government entity that you filed the complaints with; and

c.      Describe the contents of each written complaint that you filed.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**


**SPECIAL INTERROGATORY NO. 7:**

If YOU contend that YOU were retaliated against because YOU filed a whistleblower complaint with the State Personnel Board on September 17, 2008, state all facts that support your contention including:

a.      The statute(s) that was violated;

b.      The name of the PERSON(S) who retaliated against YOU.

c.      A description of the retaliation; and

d.      The facts that support YOUR contention that the acts were retaliation for filing a whistleblower complaint with the State Personnel Board on September 17, 2008.

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**


**SPECIAL INTERROGATORY NO. 8:**

If YOU contend that YOU were retaliated against because YOU filed a whistleblower complaint with the State Personnel Board on June 2, 2009, state all facts that support your

contention including:

    a.      The law that was violated;

    b.      The name of the PERSON(S) who retaliated against YOU.

    c.      A description of the retaliation; and

    d.      The facts that support YOUR contention that the acts were retaliation for filing a whistleblower complaint with the State Personnel Board on June 2, 2009.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

**SPECIAL INTERROGATORY NO. 9:**

State all facts that support YOUR claim in paragraph 57 of the THIRD AMENDED COMPLAINT that as a result of both YOUR EEOC and SPB complaints you were retaliated against "in October 2009 Plaintiff Cook applied for, but was denied, a promotion to DDS OPS Chief.  In May, 2010, Plaintiff Cook's state assigned vehicle again was taken away.  In November, 2010, Acting Commander Bob Lewis issued Plaintiff Cook an unfounded Counseling Memorandum. On January 31, 2011, and again on December 13, 2013, Plaintiff Cook was written-up two more times without good cause.  Most recently, after Plaintiff Cook stood up for one of his investigators, Joseph Fessenden, when the PDC Executive Director attempted to force Officer Fessenden to make unwarranted changes to one of his investigative reports, Plaintiff Cook was informed that both Fessenden and another investigator were going to be re-assigned, which would have denied Plaintiff Cook the staff he needed to fulfill his obligations as head of patient abuse investigations and setting him up for failure to create an excuse to fire him."

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

**SPECIAL INTERROGATORY NO. 10:**

List all of YOUR e-mail addresses that YOU have used from March 1, 2007, to the present.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

**SPECIAL INTERROGATORY NO. 11:**

Identify all SOCIAL MEDIA accounts and profiles that YOU have used from March 1, 2007, to the present, including:

a.  The web address for each SOCIAL MEDIAL account and/or profile;

b.  YOUR username associated with each SOCIAL MEDIA account and/or profile; and

c.  [At this time, DDS withdraws this interrogatory subpart without prejudice].

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

**SPECIAL INTERROGATORY NO. 12:**

Identify all wireless telephone numbers that YOU have used from March 1, 2007, to the present, including:

a.  The phone number;

b.  The dates that you used each phone number; and

b.  The wireless phone carrier for each phone number.

**RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

**SPECIAL INTERROGATORY NO. 13:**

State all facts that support YOUR claim in paragraph 61 of the THIRD AMENDED COMPLAINT that as "a result of Defendants violations of Title VII, Plaintiff Cook has suffered, and will continue to suffer, damages, including, but not limited to, loss of income, loss of enjoyment of life, emotional distress, and damage to his health and personal and professional reputations" including:

a.  YOUR total loss of income as of December 31, 2013;

b.  Facts that describe the loss of enjoyment of life that YOU have experienced;

c.  Facts that describe the emotional distress that YOU have experienced;

d.     Facts that describe the damage to YOUR health that YOU have experienced; and

e.     Facts that describe the damage to YOUR personal and professional reputations that YOU have experienced.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

**SPECIAL INTERROGATORY NO. 14:**

State all facts that support YOUR claim in paragraph 64 of the THIRD AMENDED COMPLAINT that as "a result of Defendants violations of the FEHA, Plaintiff Cook has suffered, and will continue to suffer, damages, including, but not limited to, loss of income, loss of enjoyment of life, emotional distress, and damage to his health and personal and professional reputations" including:

a.     YOUR total loss of income as of December 31, 2013;

b.     Facts that describe the loss of enjoyment of life that YOU have experienced;

c.     Facts that describe the emotional distress that YOU have experienced;

d.     Facts that describe the damage to YOUR health that YOU have experienced; and

e.     Facts that describe the damage to YOUR personal and professional reputations that YOU have experienced.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

**SPECIAL INTERROGATORY NO. 15:**

State all facts that support YOUR claim in paragraph 67 of the THIRD AMENDED COMPLAINT that as "a result of Defendants violations of the FEHA, Plaintiff Cook has suffered, and will continue to suffer, damages, including, but not limited to, loss of income, loss of enjoyment of life, emotional distress, and damage to his health and personal and professional reputations" including:

a.     YOUR total loss of income as of December 31, 2013;

b.     Facts that describe the loss of enjoyment of life that YOU have experienced;

c.     Facts that describe the emotional distress that YOU have experienced;

1        d.     Facts that describe the damage to YOUR health that YOU have experienced; and

2        e.     Facts that describe the damage to YOUR personal and professional reputations that

3    YOU have experienced.

4    **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

5

6    **SPECIAL INTERROGATORY NO. 16:**

7        State all facts that support YOUR claim in paragraph 71 of the THIRD AMENDED

8    COMPLAINT that as "a result of Defendants' violations of the WBPA, Plaintiff Cook has

9    suffered, and will continue to suffer, damages, including, but not limited to, loss of income, loss

10   of enjoyment of life, emotional distress, and damage to his health and personal and professional

11   reputations" including:

12       a.     YOUR total loss of income as of December 31, 2013;

13       b.     Facts that describe the loss of enjoyment of life that YOU have experienced;

14       c.     Facts that describe the emotional distress that YOU have experienced;

15       d.     Facts that describe the damage to YOUR health that YOU have experienced; and

16       e.     Facts that describe the damage to YOUR personal and professional reputations that

17   YOU have experienced.

18   **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

19

20   **SPECIAL INTERROGATORY NO. 17:**

21       Identify every HEALTH CARE PROVIDER appointment that YOU have attended that

22   relates in any way to YOUR retaliation ALLEGATIONS in the THIRD AMENDED

23   COMPLAINT, including:

24       a.     The date of each appointment;

25       b.     The name and address of each HEALTH CARE PROVIDER; and

26       c.     The purpose of each appointment.

27   **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

28

**ORDER ON STIPULATION**

The Court having reviewed the foregoing Stipulation, and good cause appearing therefor:

IT IS HEREBY ORDERED that

1.      DDS withdraw, without prejudice, interrogatory subpart 11c.

2.      Cook will provide complete unqualified responses to all of the interrogatories listed in Exhibit A, infra, on or before October 24, 2014.

3.      The only objections that Cook will make to the interrogatories are the objections stated in Exhibit A.

4.      Cook withdraws all objections with the exception of the attorney-client and work product privileges to Request for Production No. 55, and will mail serve all responsive documents in his custody or control on or before October 24, 2014.

5.      Requests for production of documents numbers 64-79 have been narrowed to seek e-mails Cook sent from a non-DDS e-mail account or that he received on a non-DDS e-mail account, and text messages he sent to or received, from Kathren Woodside, Lisa Huff, Gene Alvarez, and Joseph Puccio from March 1, 2007, to the present that:

(a) relate to the California Department of Developmental Services or any of its current or former employees; (b) relate to any fact or incident alleged in the Complaint (Doc. 1), the First Amended Complaint (Doc. 21), the Second Amended Complaint (Doc. 53) or the Third Amended Complaint (Doc. 95); or relate to YOUR [Cook's] health, or personal and professional reputation.

6.      Cook withdraws all objections to requests for production of documents numbers 64-79 as revised with the exception of the attorney-client and work product privileges, and will mail serve all responsive documents currently in a reproducible format that are under his custody or control on or before October 24, 2014.  For responsive documents that are not currently in a reproducible format for production, Cook will diligently work with his wireless phone provider(s) e-mail service provider(s) to obtain responsive documents and will keep DDS apprised of his efforts.

7.      Notwithstanding the resolution concerning the requests for production of documents numbers 64-79, Cook and DDS may submit to the Court whether Cook is required to

produce all e-mails and text messages that relate to his "emotional condition" and "enjoyment of life."  The Court acknowledges that the parties also intend to submit the outstanding dispute regarding requests for production numbers 56-64 to the Court.

8.       A party may be subject to sanctions for violating this order.

IT IS SO ORDERED.

Dated:   **October 17, 2014**          _____ /s/ Barbara A. McAuliffe _____
                                          UNITED STATES MAGISTRATE JUDGE