1  KAMALA D. HARRIS, State Bar No. 146672
   Attorney General of California
2  JUDITH A. RECCHIO, State Bar No. 163060
   Supervising Deputy Attorney General
3  AMY LINDSEY DOYLE State Bar No. 242205
   Deputy Attorney General
4  MATTHEW T. BESMER, State Bar No. 269138
   Deputy Attorney General
5   2550 Mariposa Mall, Room 5090
    Fresno, CA  93721
6   Telephone:  (559) 477-1680
    Fax:  (559) 445-5106
7   E-mail:  Matthew.Besmer@doj.ca.gov
   *Attorneys for Defendants Department of*
8  *Developmental Services, David Corral,*
   *Douglas Loehner and Michael Flores*

9

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE EASTERN DISTRICT OF CALIFORNIA

12                         FRESNO DIVISION

13

14  **YVONNE ARCURE, KEVIN COOK, &**          1:13-cv-00541-LJO-BAM
    **JOSEPH FESSENDEN,**
15                                            **STIPULATED PROTECTIVE ORDER**
                                 Plaintiffs,
16
          v.
17
18  **CALIFORNIA DEPARTMENT OF**
    **DEVELOPMENTAL SERVICES,**
19  **DEBORAH MEEKER, JEFFREY**
    **BRADLEY, DOUGLAS LOEHNER,**
20  **DAVID CORRAL, & MICHAEL FLORES,**

21                               Defendants.

22

23        1.      PURPOSES AND LIMITATIONS

24        Disclosure and some additional discovery activity in this action will involve production of

25  confidential, proprietary, or private information for which special protection from public

26  disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

27  Some information disclosed and produced in discovery will constitute confidential mental health

28  information protected by The Lanterman-Petris-Short Act (Cal. Welf. & Inst. Code, § 5000 et

                                        1

1   seq.) and companion statutes in the Lanterman Developmental Disabilities Services Act (Cal.

2   Welf. & Inst. Code, § 4500 et seq.).  *See also* Welf. & Inst. Code, §§ 5328, 5328.15, 4514.

3   Further, unauthorized or improper disclosure of DDS client medical information  may violate the

4   Health Insurance Portability and Accountability Act.  Some information disclosed and produced

5   in discovery will constitute confidential "official information" protected by California Evidence

6   Code  section 1040.  Some information will constitute confidential peace officer "personnel

7   records" under California Penal Code section 832.7.  And some information pertaining to DDS

8   employees is protected by the right to privacy under the California and U.S. Constitutions. Other

9   information will involve confidential information that is exempt from disclosure under the

10   California Public Records Act (Cal. Gov. Code, § 6250 et seq.).

11         Because  much  of  the  information  that  will  be  disclosed  and  produced  in  this  case

12   constitutes protected confidential information, the parties hereby stipulate and petition the court to

13   enter  the  following  Stipulated  Protective  Order  which  provides  protection  to  all  documents

14   disclosed  and  produced  in  discovery.   The  intent  of  this  protective  order  is  to  facilitate  the

15   efficient  exchange  of  information  among  the  parties.   The  parties  further  acknowledge,  as  set

16   forth  in  Section  7.3,  below,  that  they  will  provide  advanced  notice  to  the  other  parties  before

17   filing  confidential  information  with  the  court.   This  notice  period  is  intended  to  allow  the  parties

18   an  opportunity  to  meet  and  confer  about  whether  confidential  information  should  be  filed  under

19   seal  in  accordance  with  Local  Rule  141,  or  whether  to  redact  confidential  information  before  it  is

20   filed  with  the  court.

21         2.   <u>DEFINITIONS</u>

22         2.1   <u>Challenging Party</u>:  a  Party  or  Non-Party  that  challenges  the  designation  of

23   information or items under this Order.

24         2.2   "CONFIDENTIAL"  Information  or  Items:   information  (regardless  of  how  it  is

25   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

26   of  Civil  Procedure  26(c).   Without  limitation,  all  documents  and  electronically  stored  information

27   disclosed  or  produced  in  discovery  are  presumptively  confidential  under  the  first  level  of

28   confidentiality  as  provided  in  paragraph  5.   Documents  that  are  specifically  designated  as

2

1  "Confidential" as provided in paragraph 5, are subject to additional protections and restrictions

2  under the second level of confidentiality provided in this order.

3        2.3    Counsel (without qualifier):  Outside Counsel of Record and Agency Counsel (as

4  well as their support staff).

5        2.4    Designating Party: a Party or Non-Party that designates information or items that it

6  produces in disclosures or in responses to discovery as "CONFIDENTIAL."

7        2.5    Disclosure or Discovery Material:  all items or information, regardless of the

8  medium or manner in which it is generated, stored, or maintained (including, among other things,

9  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

10  responses to discovery in this matter.

11        2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to

12  the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

13  consultant in this action.

14        2.7    Agency Counsel: attorneys who are employees of a party to this action. Agency

15  Counsel does not include Outside Counsel of Record or any other outside counsel.

16        2.8    Non-Party: any natural person, partnership, corporation, association, or other legal

17  entity not named as a Party to this action.

18        2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this

19  action but are retained to represent or advise a party to this action and have appeared in this action

20  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

21        2.10    Party: any party to this action, including all of its officers, directors, employees,

22  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

23        2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

24  Material in this action.

25        2.12    Professional Vendors:  persons or entities that provide litigation support services

26  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

27  organizing, storing, or retrieving data in any form or medium) and their employees and

28  subcontractors.

3

2.13    Protected Material:  Without limitation, all documents and electronically stored information that are disclosed or produced in discovery, and any other information that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; and (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Plaintiffs, all of whom are Department of Developmental Services ("DDS") employees, may have access in their official capacity as DDS's employees to the information disclosed or produced in discovery in this action. This Protective Order does not affect the Plaintiffs' right to use DDS information accessed in connection with their official duties, and it does not affect Plaintiffs' obligation to keep confidential DDS information accessed and used in connection with their official duties.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

4

1   claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

2   the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

3   including the time limits for filing any motions or applications for extension of time pursuant to

4   applicable law.

5        5.   <u>DESIGNATING PROTECTED MATERIAL</u>

6        5.1   Levels of Confidentiality.  There shall be two levels of "Confidentiality" under

7   this Order.

8        The first level of confidentiality applies to all documents and electronically stored

9   information disclosed or produced in discovery.   Under this level, all documents and

10  electronically stored information are presumptively confidential.  No specific designation is

11  required. Under the first level of confidentiality, the parties agree that they shall use all

12  documents and electronically stored information for purposes of this litigation only ("The First

13  Level of Confidentiality.")  This restriction does not apply to each party's own documents and

14  electronically stored information, and it does not apply to documents that are public records or

15  that become public records.

16       The second level of confidentiality applies to documents, electronically stored

17  information, and other information that a Party or Non-Party has specifically designated as

18  "Confidential" in this action ("The Second Level of Confidentiality").  The Parties agree that any

19  document containing a patient's name or identifying information or a party's medical records

20  from a healthcare provider shall automatically be accorded the Second Level of Confidentiality,

21  without any further designation. The Receiving Party will use reasonable efforts and act in good

22  faith in handling documents containing a patient's name or identifying information, or a party's

23  medical records.  However, the Receiving Party is not responsible for inadvertent disclosure of

24  documents or information from documents that the Producing Party has not stamped as

25  "CONFIDENTIAL." The protections and uses of documents subject to the Second Level of

26  Confidentiality are described in paragraphs 5.2 through 10, below.

27       5.2   Manner and Timing of Designations under the Second Level of Confidentiality.

28  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below),

5

1  or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

2  protection under the Second Level of Confidentiality of this Order must be clearly so designated

3  before the material is disclosed or produced or, in the event of information or material produced

4  before the entry of this order, within thirty (30) days thereafter.

5        Designation in conformity with the Second Level of Confidentiality of Order requires:

6        (a)  for information in documentary form (e.g., paper or electronic documents, but

7  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

8  Party affix the legend "CONFIDENTIAL" to each page that contains protected material. For

9  written discovery responses, the Producing Party shall designate which portions of the written

10  response are "CONFIDENTIAL" under the Second Level of Confidentiality.  The portion of the

11  written response that is "CONFIDENTIAL" under the Second Level of Confidentiality shall be

12  clearly and unambiguously marked within the response. A Party or Non-Party that makes original

13  documents or materials available for inspection need not designate them for protection under the

14  Second Level of Confidentiality until after the inspecting Party has indicated which material it

15  would like copied and produced or made copies of the same. During the inspection and before the

16  designation, all of the material made available for inspection shall be deemed

17  "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

18  produced, the Producing Party must determine which documents, or portions thereof, the

19  Producing party asserts qualify for protection under the Second Level of Confidentiality of this

20  Order. Then, before producing the specified documents under the Second Level of

21  Confidentiality, the Producing Party must affix the "CONFIDENTIAL" legend to each page that

22  contains Protected.

23        (b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

24  Designating Party identify on the record, before the close of the deposition, hearing, or other

25  proceeding, which portion of the testimony is protected and subject to this Order or, once the

26  transcript has been produced, provide the other parties an index identifying by page and line what

27  portions of the transcript contain information which the Designating Party maintains are entitled

28  to the second level of protection.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate under the Second Level of Confidentiality. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under the Second Level of Confidentiality of this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order from that point forward, and will take reasonable steps to notify third parties that the material is subject to this protective order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS UNDER THE SECOND LEVEL OF CONFIDENTIALITY

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation Under the Second Level of Confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each specific designation Under the Second Level of Confidentiality it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain

7

1   the basis for its belief that the confidentiality designation was not proper and must give the

2   Designating Party an opportunity to review the designated material, to reconsider the

3   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

4   designation. A Challenging Party may proceed to the next stage of the challenge process only if it

5   has engaged in this meet and confer process first or establishes that the Designating Party is

6   unwilling to participate in the meet and confer process in a timely manner.

7        6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

8   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

9   Local Rule 251 (and in compliance with Local Rule 141, if applicable) within 21 days of the

10   initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

11   process will not resolve their dispute, whichever is earlier. Each such motion must be

12   accompanied by a competent declaration affirming that the movant has complied with the meet

13   and confer requirements imposed in the preceding paragraph.

14        The burden of persuasion in any such challenge proceeding shall be on the Designating

15   Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

16   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

17   sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a

18   motion to retain confidentiality as described above, all parties shall continue to afford the material in

19   question the level of protection to which it is entitled under the Producing Party's designation until the

20   court rules on the challenge.

21        7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

22        7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

23   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

24   defending, or attempting to settle this litigation. Protected Material that is designated as

25   Confidential Under the Second Level of Confidentiality may be disclosed only to the categories

26   of persons and under the conditions described in this Order. When the litigation has been

27   terminated, a Receiving Party must comply with the provisions of section 13 below for all

28   Protected Material that is specifically designated as "Confidential" under the Second Level of

8

1   Confidentiality (FINAL DISPOSITION).

2          Protected Material must be stored and maintained by a Receiving Party at a location and

3   in a secure manner that ensures that access is limited to the persons authorized under this Order.

4          7.2     Disclosure of "CONFIDENTIAL" Information or Items Under the Second Level

5   of Confidentiality. Unless otherwise ordered by the court or permitted in writing by the

6   Designating Party, a Receiving Party may disclose any information or item designated

7   "CONFIDENTIAL" only to:

8          (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

9   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

10  for this litigation;

11         (b)  the officers, directors, and employees (including Agency Counsel) of the Receiving

12  Party to whom disclosure is reasonably necessary for this litigation;

13         (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

14  reasonably necessary for this litigation and who have signed the "Acknowledgment and

15  agreement to Be Bound" (Exhibit A);

16         (d)  the court, its personnel, court reporters and their staff;

17         (e)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom

18  disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

19  and Agreement to Be Bound" (Exhibit A);

20         (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

21  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

22  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

23  deposition testimony or exhibits to depositions that reveal Protected Material may not be

24  disclosed to anyone except as permitted under this Stipulated Protective Order.

25         (g)  the author or recipient of a document containing the information or a custodian or

26  other person who otherwise possessed or knew the information;

27         (h)  notwithstanding any of the above, medical records and medical information that has

28  been designated confidential shall not be disclosed to the individual defendants without a

1   stipulation or an order of the Court. This restriction does not apply at trial or for purposes of trial

2   preparation.

3         7.3 Material Designated as Confidential Under the Second Level of Confidentiality in

4   Court Filings. If a party would like to use Confidential Material under the Second Level of

5   Confidentiality in Court filings, at least seven (7) days notice shall be given to all parties. The

6   parties shall meet and confer to determine whether the Confidential Information should be sealed

7   in accordance with Eastern District Local Rule 141.  In lieu of seeking a motion to seal, the

8   parties may agree to redact identifying information consistent with Local Rule 140 and this

9   Protective Order relating to any DDS patient, client, or resident; any person treated, evaluated, or

10  cared for by DDS; and any peace officer.  Such identifying information includes, but is not

11  limited to, names, social security numbers, patient/client/resident identification numbers, badge

12  numbers, commitment numbers, or other information that would disclose the identity of a DDS

13  patient, client, resident, or peace officer.

14        8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

15              OTHER LITIGATION

16        If a Party is served with a subpoena or a court order issued in other litigation that compels

17  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

18  must:

19        (a)  promptly notify in writing the Designating Party. Such notification shall include a

20  copy of the subpoena or court order;

21        (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

22  other litigation that some or all of the material covered by the subpoena or order is subject to this

23  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

24        (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

25  Designating Party whose Protected Material may be affected.

26        If the Designating Party timely seeks a protective order, the Party served with the

27  subpoena or court order shall not produce any information designated in this action as

28  "CONFIDENTIAL" before a determination by the court from which the subpoena or order

1    issued, unless the Party has obtained the Designating Party's permission. The Designating Party

2    shall bear the burden and expense of seeking protection in that court of its confidential material –

3    and nothing in these provisions should be construed as authorizing or encouraging a Receiving

4    Party in this action to disobey a lawful directive from another court.

5        9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED

6                IN THIS LITIGATION

7        (a)  The terms of this Order are applicable to information produced by a Non-Party in this

8    action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

9    connection with this litigation is protected by the remedies and relief provided by this Order.

10       Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

11   additional protections.

12       (b)  In the event that a Party is required, by a valid discovery request, to produce a Non-

13   Party's confidential information in its possession, and the Party is subject to an agreement with

14   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

15       (1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of

16   the information requested is subject to a confidentiality agreement with a Non-Party;

17       (2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this

18   litigation, the relevant discovery request(s), and a reasonably specific description of the

19   information requested; and

20       (3)  make the information requested available for inspection by the Non-Party.

21       (c)  If the Non-Party fails to object or seek a protective order from this court within 14

22   days of receiving the notice and accompanying information, the Receiving Party may produce the

23   Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

24   seeks a protective order, the Receiving Party shall not produce any information in its possession

25   or control that is subject to the confidentiality agreement with the Non-Party before a

26   determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the

27   burden and expense of seeking protection in this court of its Protected Material.

28       10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

2  Material to any person or in any circumstance not authorized under this Stipulated Protective

3  order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

4  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

5  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

6  made of all the terms of this Order, and (d) request such person or persons to execute the

7  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8    11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

9         <u>PROTECTED MATERIAL</u>

10    When a Producing Party gives notice to Receiving Parties that certain inadvertently

11  produced material is subject to a claim of privilege or other protection, the obligations of the

12  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

13  provision is not intended to modify whatever procedure may be established in an e-discovery

14  order that provides for production without prior privilege review. Pursuant to Federal Rule of

15  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

16  communication or information covered by the attorney-client privilege or work product

17  protection, the parties may incorporate their agreement in the stipulated protective order

18  submitted to the court.

19    12.    <u>MISCELLANEOUS</u>

20    12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

21  seek its modification by the court in the future.

22    12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective

23  Order no Party waives any right it otherwise would have to object to disclosing or producing any

24  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

25  Party waives any right to object on any ground to use in evidence of any of the material covered

26  by this Protective Order.

27    13.    <u>FINAL DISPOSITION</u>

28    Within 60 days after the final disposition of this action, as defined in paragraph 4, each

1   Receiving Party must return all Protected Material to the Producing Party or destroy such
2   material.

3       As used in this subdivision, "all Protected Material" includes all copies, abstracts,
4   compilations, summaries, and any other format reproducing or capturing any of the Protected
5   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must
6   submit a written certification to the Producing Party (and, if not the same person or entity, to the
7   Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all
8   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has
9   not retained any copies, abstracts, compilations, summaries or any other format reproducing or
10  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to
11  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,
12  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work
13  product, and consultant and expert work product, even if such materials contain Protected
14  Material. Any such archival copies that contain or constitute Protected Material remain subject to
15  this Protective Order as set forth in Section 4 (DURATION).

16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1

<u>EXHIBIT A</u>

2

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3

I,        [print or type full name], of    [print or type full address], declare under penalty of

4

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

5

issued by the United States District Court for the Eastern District of California on [date] in the

6

case of [insert formal name of the case and the number and initials assigned to it by the court]. I

7

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

8

understand and acknowledge that failure to so comply could expose me to sanctions and

9

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

10

any information or item that is subject to this Stipulated Protective Order to any person or entity

11

except in strict compliance with the provisions of this Order.

12

I further agree to submit to the jurisdiction of the United States District Court for the

13

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

14

Order, even if such enforcement proceedings occur after termination of this action.

15

I hereby appoint        [print or type full name] of [print or type full address and telephone

16

number] as my California agent for service of process in connection with this action or any

17

proceedings related to enforcement of this Stipulated Protective Order.

18

19

Date: _____

20

City and State where sworn and signed: _____

21

Printed name: _____

22

Signature:_____

23

24

25

SO STIPULATED.

26

27

28

14

Dated:  December 23, 2014                    Respectfully submitted,

                                             KAMALA D. HARRIS
                                             Attorney General of California
                                             JUDITH A. RECCHIO
                                             Supervising Deputy Attorney General

                                             /s/ Matthew T. Besmer

                                             MATTHEW T. BESMER
                                             Deputy Attorney General
                                             *Attorneys for Defendants*
                                             *Department of Developmental Services,*
                                             *Douglas Loehner and Michael Flores*

Dated:  December 23, 2014                    LAW OFFICES OF LAWRENCE J. KING

                                             /s/  Lawrence J. King

                                             _____
                                             Lawrence J. King, Attorney for
                                             Plaintiffs

Dated:  December 24, 2014                    JEFFREY BRADLEY

                                             /s/  Jeffrey Bradley

                                             _____
                                             Jeffrey Bradley
                                             Pro Per

## <u>ORDER</u>

Having considered the stipulated protective order filed and signed by all parties on December 30, 2014, pursuant to Local Rule 141, the Court adopts the protective order in its entirety.

IT IS SO ORDERED.

Dated:  **January 8, 2015**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE

15

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28