UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE ARCURE, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, et al.,<br><br>  Defendants. | CASE NO. 1:13-cv-00541-MJS (PC)<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>**ORDER DENYING MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT COOK WAS NOT PROMOTED IN RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY**<br><br>**(ECF NO. 243)** |

**I.   Procedural History**

This action proceeds on the third amended complaint brought by Plaintiff Kenneth Cook against Defendant California Department of Developmental Services ("DDS"). (ECF No. 95.) The following four causes of action remain: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964 (seventh cause of action); (2) retaliation in violation of the California Fair Employment and Housing Act ("FEHA") (eighth cause of action); (3) failure to prevent retaliation in violation of FEHA (ninth cause of action); and, (4) retaliation in violation of the California Whistle Blower Protection Act ("WBPA") (tenth cause of action). Cook and DDS have consented to Magistrate Judge jurisdiction for all purposes in accordance with 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 32, 181.) Trial is set to

commence on January 26, 2017.

Before the Court is DDS's September 9, 2016 motion for sanctions pursuant to Rule of 11 of the Federal Rules of Civil Procedure and its inherent authority. (ECF No. 243.) Cook filed an opposition. (ECF No. 250.) DDS filed an application to shorten time to have the motion heard on September 14, 2016. (ECF No. 247.) The application was granted. (ECF No. 249.)

The matter was heard on September 14, 2016. Counsel Lawrence King appeared on behalf of Cook. Deputy Attorney General Matthew T. Besmer appeared on behalf of DDS. The matter is deemed submitted and stands ready for adjudication.

## II.  Legal Standard

DDS's motion is styled as a motion for sanctions pursuant to Rule 11. Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence. Fed. R. Civ. P. 11. The central purpose of Rule 11 is to deter baseless filings. Newton v. Thomason, 22 F.3d 1455, 1463 (9th Cir. 1994). Sanctions are appropriate under Rule 11 if either (1) the paper was filed for an improper purpose, or (2) the paper is "frivolous." Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1991). Courts apply an objective test in determining whether sanctions are appropriate. Yagman v. Republic Ins., 987 F.2d 622, 628 (9th Cir. 1993). A violation of the rule does not require subjective bad faith. Id.; see also Zaldivar v. City of Los Angeles, 780 F.2d 823, 829 (9th Cir.1986), overruled on other grounds by Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399-400 (1990).

For reasons stated below, the Court concludes that DDS's motion is more properly construed as a motion in limine. A party may use a motion in limine as a procedural mechanism to exclude inadmissible or prejudicial testimony or evidence in a particular area before it is introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n. 2 (1984); see also United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). Such motions allow parties to resolve evidentiary disputes before trial and avoid potentially

prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003). Pretrial motions such as motions in limine "are useful tools to resolve issues which would otherwise clutter up the trial." Palmerin v. City of Riverside, 794 F.2d 1409, 1413 (9th Cir. 1986); accord Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997) ("[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings.").

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. See, e.g., Brown v. Kavanaugh, No. 1:08-CV-01764-LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975); see also In re Homestore.com, Inc., No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions in limine should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); Cf. Oracle Am., Inc. v. Google Inc., No. C 10-03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted).

Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine, and it is within the district court's discretion to defer ruling until trial when the trial judge can better estimate the impact of the evidence on the jury. See, e.g., United States v. Amaro, 613 F. App'x 600, 602 (9th Cir.), cert. denied sub nom. Stewart-Hanson v. United States, 136 S. Ct. 276 (2015); see also Jonasson, 115 F.3d at 440.

**III.   Parties' Arguments**

    **A.   DDS**

DDS argues that Cook is pursuing non-viable claims for being denied promotion to Acting Commander in 2008, permanent Commander in 2009, and Chief in 2010.

3

These claims were not revealed until Cook filed his expert designation on August 10, 2016. (ECF No. 238.) In the expert report accompanying that designation, Cook's expert economist calculated Cook's damages by assuming that but for the retaliation, he would have received these promotions.

According to DDS, Cook raised only one failure-to-promote claim in this action: that he was denied promotion to Chief in 2010 in retaliation for engaging in protected activity. That claim was summarily adjudicated in favor of DDS. (ECF No. 234.) Cook did not raise any other claims relating to lost promotional opportunities in his complaint, in EEOC charges, or in SPB complaints. Cook's deposition testimony and interrogatory responses did not claim damages for lost promotional opportunities in 2008 and 2009. DDS argues that Cook's attempt to raise new claims by way of his expert designation constitutes an improper attempt to amend the complaint. DDS also asserts that damages attributed to such lost promotional opportunities would be too speculative to warrant presentation to a jury.

DDS argues that the timing and circumstances of revealing, via the expert designation, an intent to pursue such foreclosed claims reflects an intent to harass DDS and needlessly increase its litigation expenses. DDS asks the Court to sanction Cook by barring evidence he was denied promotion in retaliation for engaging in protected activity, requiring Cook to withdraw his expert designation, and by imposing monetary sanctions.

**B.  Cook**

Cook denies he is adding new claims. He argues that he was exposed to an ongoing pattern of retaliation and, as a result, did not receive promotions afforded to other, comparable employees who were not subject to retaliation. According to Cook, a jury could conclude that, due to retaliation, Cook's reputation was damaged, his career progress was stalled, and he lost income. This lost income is susceptible to a reasonably certain estimation by a jury.

Cook argues that DDS had reasonable notice of these claims for damages by way

of Cook's complaint and amended complaints. Additionally, Cook described the systemic retaliation he was exposed to in his opposition to DDS's motion for summary judgment. Cook points out that, in ruling on the motion for summary judgment, the Court acknowledged that this systemic retaliation may be "relevant to whether Cook suffered damages as a result of the prior acts of retaliation that denied him opportunities and experience." (ECF No. 234 at 23.) Cook also points out that DDS agreed to delay expert disclosures and knew that the calculation of Cook's damages would require expert discovery. Thus, the late nature of the disclosure does not warrant sanctions.

Finally, Cook argues that his anticipated evidence and expert testimony will provide sufficient information for a jury to conclude that his career was damaged by systemic retaliation and to make a fair and reasonable assessment of the amount of those damages.

**IV.     Discussion**

The Court is without sufficient information at this time to conclude that Cook's attempt to pursue damages resulting from lost promotional opportunities is baseless or frivolous or that evidence regarding such damages will be inadmissible. Accordingly, DDS's motion for sanctions and motion in limine must be denied.

The Court agrees with DDS that Cook may not, under the present pleadings, assert that he was denied promotion in direct retaliation for engaging in protected activity. However, as the Court noted in the order on DDS's motion for summary judgment, Cook may be able to argue that he suffered damages in the form of lost promotional opportunities as a result of a pattern of retaliatory conduct that damaged his career and reputation.

At the hearing on the instant motion, DDS argued that Cook cannot, in fact, prove such damages absent an impermissible showing of direct retaliation. For example, the appointment of another individual to Acting Commander in 2008 was made at the unilateral discretion of former-Defendant Bradley and not subject to a competitive application process. There is no evidence that Cook applied for or pursued the position

5

or that he would have or should have received it, even absent the alleged systemic retaliation.

The Court notes, however, that there presently is no evidence before the Court regarding the promotional processes at issue in 2008 and 2009. The Court has no basis to speculate whether Cook can or cannot present evidence to support his claim that he would have received these promotions absent the systemic retaliation he allegedly was exposed to. Furthermore, the Court already has opined that Cook may be able to show that he was denied promotion in 2010 because of damage to his career resulting from said retaliation.

Similarly, absent evidence regarding the promotional processes, opportunities, and practices at DDS, the Court cannot state that Cook's promotional damages are too speculative to be presented to the jury. The evidence may show, as DDS suggests, that the series of proffered promotions is too uncertain and contingent to serve as a permissible basis for damages. At this time, however, the Court cannot make such a ruling.

**V.   Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. DDS's motion for sanctions under Rule 11 and its inherent authority is DENIED; and
2. DDS's motion in limine to exclude evidence that Cook was denied promotion in retaliation for engaging in protected activity is DENIED.

IT IS SO ORDERED.

Dated:   October 4, 2016             /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE