UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVONNE ARCURE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF DEVELOPMENTAL SERVICES, et al.,<br><br>Defendants. | CASE NO. 1:13-cv-00541-MJS (PC)<br><br>**ORDER DENYING MOTION IN LIMINE TO DISMISS TENTH CAUSE OF ACTION AND EXCLUDE EVIDENCE AT TRIAL**<br><br>**(ECF NO. 255)** |

**I.  Procedural History**

This action proceeds on the third amended complaint brought by Plaintiff Kenneth Cook against Defendant California Department of Developmental Services ("DDS"). (ECF No. 95.) The following four causes of action remain: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964 (seventh cause of action), (2) retaliation in violation of the California Fair Employment and Housing Act ("FEHA") (eighth cause of action), (3) failure to prevent retaliation in violation of FEHA (ninth cause of action), and (4) retaliation in violation of the California Whistle Blower Protection Act ("WBPA") (tenth cause of action). Cook and DDS have consented to Magistrate Judge jurisdiction for all purposes in accordance with 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 32, 181.) Trial is set to commence on January 26, 2017.

Before the Court is DDS's September 19, 2016 motion in limine to dismiss the

tenth cause of action and exclude related evidence at trial. (ECF No. 255.) Cook filed an opposition. (ECF No. 257.) DDS filed a reply. (ECF No. 259.) The Court concludes that the motion is suitable for disposition without a hearing. The matter is submitted and stands ready for adjudication.

**II.     Legal Standard**

The legal standard applicable to DDS's motion is somewhat unclear. It is styled as both a motion in limine and a motion to dismiss. However, it seeks adjudication of a cause of action and relies on facts external to the pleadings. Accordingly, the Court concludes that the motion is most properly disposed of under the standard applicable to motions for summary judgment.[1] See Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir.1996) (holding that a motion to dismiss must be treated as a motion for summary judgment if either party to the motion to dismiss submits materials outside the pleadings in support of, or opposition to, the motion, and if the court relies on those materials).

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for

---

[1] If a court converts a motion to dismiss into a motion for summary judgment, the court must give the parties notice and a reasonable opportunity to supplement the record. Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1408 (9th Cir.1995). Here, however, the applicable facts are taken from the Court's ruling on DDS's prior motion for summary judgment, the facts are not in dispute, and the question before the Court is purely legal. Thus, the Court concludes that there is no need to further supplement the record. Cook already has had a reasonable opportunity to respond to the legal issues raised.

him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Secs. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

## III.  Relevant Facts

These facts, as taken primarily from the Court's order on DDS's prior motion for summary judgment, are undisputed.

Cook engaged in the whistleblowing activities alleged in this action in 2008. The alleged retaliation also began in 2008.

Cook initially filed his State Personnel Board ("SPB") complaint on September 17, 2008, but later withdrew that complaint and filed a new complaint on June 2, 2009. On January 19, 2010, the SPB convened an informal hearing to investigate the June 2, 2009, complaint. Therein, the administrative law judge considered whether the allegations contained in the complaint of being placed on leave and under investigation and being issued a letter of instruction constituted adverse, retaliatory employment actions. The administrative law judge also considered allegedly adverse retaliatory actions *not* contained in Cook's complaint, such as not being asked on an as needed basis to attend morning meetings with the Executive Officer, failure to be invited to meetings with special investigators, having to rush to provide a doctor with materials after being told that the doctor would not be available for a week, the relocation of two of his investigators, the change of administration and personnel leaving him feeling isolated, and rumors that his credibility had been damaged.

In her April 14, 2010, Proposed Notice of Findings, the administrative law judge found that the issuance of the Letter of Instruction constituted retaliation for Cook's protected activity, but that his remaining allegations did not affect the terms and conditions of his employment and therefore did not constitute adverse actions. The proposed findings were adopted on April 23, 2010.

On May 2, 2011, the SPB held an evidentiary hearing, at the request of DDS, to determine whether Cook had any damages in connection with receiving the letter of instruction and to again consider whether the letter of instruction constituted an adverse action. In her July 28, 2011 proposed decision, the ALJ noted that Cook had been denied promotion since receiving the letter of instruction. Although there was no evidence that the letter had been considered in the decision to deny Cook's promotion, the possibility that it could be so used was sufficient to conclude that the letter adversely affected the terms and conditions of Cook's employment. The ALJ declined to award compensatory damages as Cook had offered no evidence in support of such an award. The proposed decision was adopted on August 9, 2011.

Cook filed this action on April 13, 2013.

**IV.    Discussion**

The central issue raised in DDS's motion is that of which statute of limitations applies to Cook's WBPA claims. DDS argues that the claims are governed by the one-year statute of limitations set forth in California Government Code § 19630 for claims "based on or related to any civil service law"; since his claims were filed more than one year after the SPB's April 23, 2010 decision,[2] this statute would make them untimely unless otherwise tolled. Cook, on the on the other hand, argues that his claims are governed by the general, three-year statute of limitations set forth in California Code of Civil Procedure § 338(a).

The Court concludes that California Code of Civil Procedure § 338(a) applies to

---

[2] The parties agree that the statute was tolled during the pendency of the initial, informal SPB proceedings. They dispute whether the statute was tolled during the subsequent SBP proceedings. For reasons explained below, the Court need not reach this issue.

4

Cook's WBPA claims. Accordingly, Cook's complaint was timely filed. Based on this determination, the Court need not reach the parties additional arguments and declines to do so.

### A.   California Code of Civil Procedure § 338(a)

California Code of Civil Procedure § 338(a) provides a general three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." There is no real question that Cook's WBPA claim meets these statutory criteria: it is an action upon a liability created by statute – that is, the WBPA, California Government Code § 8547 – and it does not involve a penalty or forfeiture. Accordingly, the statute of limitations for this cause of action is three years, unless a more specific statute of limitations applies. Krieger v. Nick Alexander Imports, Inc., 234 Cal. App. 3d 205, 214 (Cal. App. 1991). DDS argues that Government Code § 19630 is such a statute.

### B.   Government Code § 19630

At the time relevant to the filing of Cook's complaint, Government Code § 19630 provided:

> No action or proceeding shall be brought by any person having or claiming to have a cause of action or complaint or ground for issuance of any complaint or legal remedy <u>for wrongs or grievances based on or related to any civil service law in this state, or the administration thereof</u>, unless that action or proceeding is commenced and served within one year after the cause of action or complaint or ground for issuance of any writ or legal remedy first arose. The person shall not be compensated for the time subsequent to the date when the cause or ground arose unless that action or proceeding is filed and served within 90 days after the cause or ground arose. Where an appeal is taken from a decision of the board, the cause of action does not arise until the final decision of the board.

Cal. Gov't. Code § 19630 (2013) (emphasis added).[3]

Cook's claims are not based on any civil service law or the administration thereof.

---

[3] The statute since has been amended to remove the phrase "or the administration thereof."

5

They are based on the WBPA, which is not part of the State Civil Service Act. See Cal. Gov. Code § 18501; Cal. Gov. Code § 8547. DDS offers no persuasive argument as to why or how the WBPA, in itself, constitutes a civil service law. The question then is whether the WBPA is "related to any civil service law."

DDS argues that the WBPA is "related to" the Civil Service Act because a WBPA plaintiff must first exhaust administrative remedies through the State Personnel Board pursuant to California Government Code § 19630, which is part of the Civil Service Act. However, Cook's claims to do not "relate to" this exhaustion requirement or any procedures employed by the SPB. In other words, the claims themselves do not arise out of Government Code § 19630, even though Cook was required to exhaust through those procedures. This is in contrast to petitions for mandamus challenging the SPB process or those seeking review of SPB decisions, which are based on a civil service law and therefore subject to the one-year statute of limitations. See Thein v. State Pers. Bd., No. C073066, 2014 WL 2734669, at *11 (Cal. Ct. App. June 17, 2014); Ng v. State Personnel Bd., 68 Cal. App. 3d 600, 606–607 (1977).

Lastly, DDS argues that Cook's claims arise out of his employment with the civil service, and only civil service employees and applicants may avail themselves of the WBPA. The Court finds this argument unpersuasive. Section 19630 does not impose a statute of limitations on claims relating to civil service employment. It imposes a statute of limitations on claims relating to civil service laws. DDS does not point to any civil service law to which Cook's claims relate, other than the WBPA exhaustion requirement discussed above. The Court acknowledges DDS's argument that the phrase "relating to" generally is interpreted broadly. However, DDS's argument would appear to impose a one-year statute of limitations on all, or nearly all, employment-related claims brought by public employees. DDS offers no case law or other authority in support of such a broad proposition and the Court finds none.

**V.    Conclusion and Order**

Based on the foregoing, the Court concludes that Cook's WBPA claims are

subject to the three-year statute of limitations set forth in California Code of Civil Procedure § 338(a) and are therefore timely. In light of this conclusion, the Court need and, and will not, address the parties' remaining contentions. DDS's motion to dismiss Cook's tenth cause of action and to exclude related evidence at trial is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   October 24, 2016              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE